Moloy K. Good OSB#012636
THE GOOD LAW CLINIC
211 E. 11TH Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Fax: (360) 694-7602
moloy@goodlawclinic.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **CAROL TAYLOR and PAUL TAYLOR**<br>Plaintiffs,<br>v.<br>**HIDDENBROOK TERRACE COMMUNITY HOMEOWNERS ASSOCIATION, THE MANAGEMENT GROUP, INC. dba ASSOCIATION MANAGEMENT SERVICES NW, JOHNNY WINNINGHAM, MARC IACOVETTI, WILL LIPPL, STEVEN HAYGOOD, KURT MOKE, and TOVIA CUTY**<br>Defendant. | NO.<br><br>COMPLAINT<br><br>Federal Fair Housing Act<br>Washington Law Against Discrimination<br>Washington Consumer Protection Act<br>Negligence<br><br>Damages and Injunctive Relief<br><br>JURY TRIAL REQUESTED |

**INTRODUCTION**

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Facsimile: (360) 694-4762
E-mail: moloy@goodlawclinic.com

COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 1

Plaintiffs Carol Taylor and Paul Taylor are a married couple that own a house in the Hiddenbrook Terrace Community. At the time of the events described in this Complaint, Plaintiff Carol Taylor's mother, Fengying Xu, lived with Plaintiffs. Plaintiffs and Ms. Xu have disabilities that are covered by the Fair Housing Act (42 U.S.C. §3601) and the Washington Law Against Discrimination (RCW 49.60). Defendants knew or should have known of these disabilities because they were reported to Defendants by Plaintiff Carol Taylor. The Hiddenbrook Terrace Community is governed by Defendant Hiddenbrook Terrace Community Homeowners Association. Defendant The Management Group and Defendant Association Management Services NW managed the Hiddenbrook Terrace Community on behalf of the Hiddenbrook Terrace Community Homeowners Association.

Although Plaintiffs owned a house in the Hiddenbrook Terrace Community, they lived in a house in Camas, Washington. The Camas house met Ms. Xu's disability-related needs, and for that reason Plaintiffs continued to live in it, and rented out their Hiddenbrook house. The Hiddenbrook Terrace Community CC&Rs prohibit an owner from renting out his or her house to a tenant. The CC&Rs do empower the HOA to allow an owner to rent out his or her house if living in the house presents an undue hardship for the owner. Plaintiffs made several requests to be granted an undue hardship waiver as a reasonable accommodation to Ms. Xu's disabilities, and also to Plaintiffs' disabilities. These requests were repeatedly denied by Defendants. Plaintiffs' reasonable accommodation requests did not pose an undue administrative or financial burden on Defendants. Plaintiffs' requests also did not fundamentally alter the nature of the Defendants' business. In fact, Defendants granted several exemptions to homeowners who had to live elsewhere due to the illness of a family member.

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Facsimile: (360) 694-4762
E-mail: moloy@goodlawclinic.com

COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 2

Plaintiffs filed a fair housing discrimination complaint with the Washington State Human Rights Commission, a governmental agency of the State of Washington. The complaint alleged that Defendants had denied Plaintiffs' requests for reasonable accommodation. As a result of this complaint, Defendants hired a lawyer and incurred legal fees to pay for this lawyer while the complaint was investigated.

After the conclusion of the investigation the Defendants had incurred several thousands of dollars in fees to their attorney. The Defendants then retaliated against Plaintiffs for filing the complaint by demanding reimbursement of these fees from Plaintiffs. The Defendants further retaliated and discriminated against Plaintiffs by assessing them monthly fines and interest for being out of compliance with the CC&Rs, when Plaintiffs could not comply with the CC&Rs due to their own and Ms. Xu's disabilities.

This is an action for damages under federal and state fair housing laws, and negligence.

## I. JURISDICTION

1. The action arises under the Fair Housing Act (FHA) 42 U.S.C. § 3601 et seq. This court has jurisdiction pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over plaintiff's state law discrimination, consumer protection, and negligence claims pursuant to 28 U.S.C. § 1367 as these claims are related to the federal law claims, arise out of a common nucleus of related facts, and are part of the same case or controversy.

## II. PARTIES

2. The foregoing paragraph is herein incorporated by reference.

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA  98660
Phone:  (360) 608-5346
Facsimile:  (360) 694-4762
E-mail:  moloy@goodlawclinic.com

COMPLAINT; NO.;
Taylor et al.  v. Hiddenbrook Terrace Community HOA – Page 3

3. Plaintiff Carol Taylor (hereinafter "Ms. Taylor") is a resident of the State of Washington and was the daughter and primary caretaker of Fengying Xu, a person with disabilities. Ms. Taylor was the owner, with her husband, of real property located in the Hiddenbrook Terrace Community at Fisher's Landing planned unit development located at 3918 SE 190th Avenue, Vancouver, WA 98683 (hereinafter "Hiddenbrook house"). The events described herein took place in Vancouver, Washington, which is located in Clark County. Plaintiff and her mother were, at all relevant times, people with disabilities under 42 U.S.C. §3602(h) and RCW 49.60 that are covered by the Fair Housing Act (42 U.S.C. §3601) and the Washington Law Against Discrimination (RCW 49.60).

4. Plaintiff Paul Taylor (hereinafter "Mr. Taylor") is a resident of the State of Washington and the husband of Ms. Taylor. Mr. Taylor was the owner, with Ms. Taylor, of the Hiddenbrook house. The events described herein took place in Vancouver, Washington, which is located in Clark County. Mr. Taylor is a person with disabilities under 42 U.S.C. §3602(h) and RCW 49.60 that are covered by the Fair Housing Act (42 U.S.C. §3601) and the Washington Law Against Discrimination (RCW 49.60).

5. Defendant Hiddenbrook Terrace Community Homeowner's Association (hereinafter "Defendant HOA") is a Washington nonprofit corporation with its principal place of business at in Vancouver, WA. Defendant HOA is a homeowners association representing the homes that make up the Hiddenbrook Terrace Community at Fisher's Landing planned unit development in Vancouver, WA. Defendant HOA is charged with enforcing the Covenants, Conditions, and Restrictions ("CC&Rs") governing Hiddenbrook Terrace Community at Fisher's Landing.

COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 4

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Facsimile: (360) 694-4762
E-mail: moloy@goodlawclinic.com

6. Defendant The Management Group dba Association Management Services, NW (hereinafter "Defendant TMG") is a Washington corporation that provides property management services for the Hiddenbrook Terrace Community at Fisher's Landing. At all material times Defendant TMG was employed by Defendant HOA to provide these services. Defendant TMG's principal place of business is located at 7710 NE Vancouver Mall Drive, #A in Vancouver, WA.

7. At all material times Defendant Johnny Winningham (hereinafter "Defendant Winningham") was president of Defendant HOA and a resident of the State of Washington.

8. At all material times Defendant Marc Iacovetti (hereinafter "Defendant Iacovetti") was secretary of Defendant HOA and a resident of the State of Washington.

9. At all material times Defendant Will Lippl (hereinafter "Defendant Lippl") was vice-president of Defenant HOA and a resident of the State of Washington.

10. At all material times Defendant Steven Haygood (hereinafter "Defendant Haygood") was treasurer of Defenant HOA and a resident of the State of Washington.

11. At all material times Defendant Kurt Moke (hereinafter "Defendant Moke") was a board member of Defenant HOA and a resident of the State of Washington.

12. At all material times Defendant Tovia Cuty (hereinafter "Defendant Cuty") was an employee of Defendant TMG and responsible for overseeing the property management services provided to Hiddenbrook Terrace at Fisher's Landing.

### III. FACTUAL ALLEGATIONS

13. The foregoing paragraphs and herein incorporated by reference.

14. Ms. Taylor's mother, Fengying Xu, had multiple disabilities and required constant

COMPLAINT; NO.;
Taylor et al.  v. Hiddenbrook Terrace Community HOA – Page 5

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA  98660
Phone:  (360) 608-5346
Facsimile:  (360) 694-4762
E-mail:  moloy@goodlawclinic.com

care. Ms. Xu moved in with Plaintiffs so Ms. Taylor could provide the care Ms. Xu needed.

15. The Plaintiffs owned a house in Hiddenbrook Terrace Community and lived in that house for several years. Ms. Xu lived with them starting in 2008.

16. During the time the Plaintiffs and Ms. Xu lived in Hiddenbrook Terrace Community, Ms. Xu's health deteriorated, and as a result she progressively required more care.

17. Plaintiffs, their son, and Ms. Xu moved to a house in Camas, Washington (hereinafter "the Camas house"). This was, in part, to better provide care for Ms. Xu.

18. The house in Camas was wheelchair accessible, and had bedrooms that were large enough to accommodate her hospital bed and lift chair; it had bathrooms that were accessible; it had a large walk-in shower that allowed for Ms. Xu to shower with the assistance of a caregiver.

19. The Hiddenbrook house was much smaller than the Camas house. It did not have large bedrooms that were wheelchair accessible. The dining room was the only room that would have worked for Ms. Xu's bedroom, but even that would have been too small once the hospital bed and chair lift were installed. The bathrooms were not wheelchair accessible, and there was no walk-in shower for Ms. Xu to use.

20. Plaintiffs desired to keep the Hiddenbrook house, because they intended to return to it in the future. When they moved to the Camas house they began renting the Hiddenbrook house out.

21. The Hiddenbrook Terrace Community CC&Rs have a general rule prohibiting a homeowner from renting out his or her house. However, a homeowner can be given an exception to this prohibition if they are experiencing an undue hardship. This hardship exemption must be renewed annually.

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Facsimile: (360) 694-4762
E-mail: moloy@goodlawclinic.com

COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 6

22. Plaintiffs had been granted a hardship exemption as a reasonable accommodation to Plaintiffs' own disabilities.

23. On or about January 31, 2015 Plaintiffs requested a hardship exemption of Defendant HOA as a reasonable accommodation due to Plaintiffs' own disabilities. Defendants did not respond to this request.

24. In July of 2015 Ms. Taylor spoke to Defendant Cuty and informed her of Ms. Xu's deteriorating condition, including that Ms. Xu had suffered a spinal bone fracture. Ms. Taylor made a reasonable accommodation request to be allowed to rent out the Hiddenbrook house so she and her family could continue living in the Camas house because it provided better accessibility for Ms. Xu and her disabilities.

25. Defendant Cuty denied the request because Ms. Xu was not the homeowner.

26. In November of 2015 Plaintiffs made a request for a reasonable accommodation to Defendant HOA, including Defendants Winningham, Iacovetti, Lippl, and Haygood, to be allowed to rent out their Hiddenbrook house because the Camas house provided Ms. Xu the accessibility she needed. This request was denied.

27. While the November request was under review by Defendants, Defendant HOA began assessing fines against the Plaintiffs for noncompliance with the CC&Rs rental prohibition. Defendant HOA continued to assess fines against Plaintiffs until November of 2017. Plaintiffs sold 5% of their ownership in the Hiddenbrook house to their tenants on or about July 27, 2017.

28. In January of 2016 Plaintiffs filed a housing discrimination complaint with the Washington State Human Rights Commission (WSHRC) based on the denial of reasonable

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Facsimile: (360) 694-4762
E-mail: moloy@goodlawclinic.com

COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 7

accommodation requests.

29. On or about July 22, 2016, Defendant Cuty, in her role as agent for Defendant TMG, and on behalf of Defendant HOA and Defendants Winningham, Iacovetti, Lippl, Moke and Haygood, sent a letter to Plaintiffs advising them that they would be summarily assessed with the legal fees incurred by Defendants because Plaintiffs had filed a housing discrimination complaint with the WSHRC.

30. Subsequently the charge for these attorney fees was reflected on Plaintiffs' account balance.

31. Ms. Taylor and Ms. Xu are originally from China. On or about September 2, 2016 Plaintiffs filed a fair housing complaint with the Department of Housing and Urban Development's Office of Fair Housing and Equal Opportunity alleging different treatment based upon Ms. Taylor and Ms. Xu's national origin.

32. In June of 2017 Plaintiffs again made a reasonable accommodation request to be allowed to rent out the Hiddenbrook house because the Camas house met Ms. Xu's disability-related needs. This request was ultimately denied.

33. At the board meeting held on or about July 17, 2017 Defendant HOA and Defendants Winningham, Iacovetti, Moke and Haygood voted to bill Plaintiffs for the legal fees and management time spent on "compliance enforcement."

34. Defendants, by and through their attorneys, demanded that Plaintiffs pay the outstanding balance on their account which included charges for the attorney fees incurred defending the WSHRC complaint, fines for renting out the Hiddenbrook house due to their and Ms. Xu's disabilities, interest on all these charges, and other attorney fees. Defendants stated

COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 8

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA  98660
Phone:  (360) 608-5346
Facsimile:  (360) 694-4762
E-mail:  moloy@goodlawclinic.com

that failure to pay would result in foreclosure on Plaintiffs' home.

35. Plaintiffs ultimately paid Defendants, through Defendants' attorneys, a total of $38,305.81 to avoid foreclosure. This amount included charges for the attorney fees incurred defending the WSHRC complaint, fines for renting out the Hiddenbrook house due to their and Ms. Xu's disabilities, interest on all these charges, and other attorney fees.

36. Due to the Defendants' discriminatory conduct Plaintiffs had to sell 5% of their ownership interest in the Hiddenbrook house.

37. Defendants engaged in an unfair or deceptive act or practice by retaliating against Plaintiffs for filing a housing discrimination complaint with the WSHRC. This violated 42 U.S.C. §3617 and RCW 49.60.2235.

38. The Washington Legislature has declared that an unfair practice in a violation of RCW 49.60.2235 is (1) committed in the course of trade or commerce, (2) is a matter affecting the public interest, (3) is not reasonable in relation to the development and preservation of business, and (4) is an unfair or deceptive act in trade or commerce.

39. Defendants also engaged in an unfair or deceptive act or practice by assessing fines against Plaintiffs after they had sold 5% of the Hiddenbrook house to their tenants.

40. This unfair or deceptive act or practice occurred in the conduct of Defendants' trade or commerce.

41. This unfair or deceptive act or practice affects the public interest.

42. The Plaintiffs were injured in their business or property by Defendants' unfair or deceptive acts or practices.

43. The Defendants' unfair or deceptive acts or practices were a proximate cause of

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA  98660
Phone:  (360) 608-5346
Facsimile:  (360) 694-4762
E-mail:  moloy@goodlawclinic.com

COMPLAINT; NO.;
Taylor et al.  v. Hiddenbrook Terrace Community HOA – Page 9

Plaintiffs' injury.

44. Defendants had a duty to operate their affairs in a manner free from unlawful discrimination.

45. Defendants breached this duty by retaliating against Plaintiffs for filing a WSHRC housing discrimination complaint.

46. Defendants also breached this duty by denying Plaintiffs' reasonable accommodation requests when such an accommodation was necessary to allow Plaintiffs to use and enjoy their Hiddenbrook house to the same extent as homeowners without disabilities.

47. Defendants' conduct caused Plaintiffs to suffer loss and injury, mental anguish, humiliation, embarrassment, physical harm, insult, indignation, fear, anxiety and nervousness for which they should be compensated at trial.

48. Defendant TMG and Defendant HOA had a duty to hire, train, supervise and discipline its board members, employees, and agents in a fashion that assures compliance with contractual obligations.

49. Defendant TMG and Defendant HOA breached this duty by failing to hire, supervise, train, or discipline board members, employees or agents who would insure compliance with contractual obligations.

50. The conduct of Defendant TMG and Defendant HOA caused Plaintiffs to suffer loss and injury, mental anguish, humiliation, embarrassment, physical harm, insult, indignation, fear, anxiety and nervousness for which they should be compensated at trial.

51. Defendants acted with reckless or callous indifference to Plaintiffs' rights under federal and state laws, because Defendants knew it was illegal to retaliate against Plaintiffs for

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Facsimile: (360) 694-4762
E-mail: moloy@goodlawclinic.com

COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 10

filing a housing discrimination complaint, and to deny Plaintiffs' reasonable accommodation requests, they knew denying these requests would damage Plaintiffs' health, and they denied these requests anyway.

## IV.  CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Against All Defendants**
**(Fair Housing Act – Discrimination based on disability)**

52. The foregoing paragraphs are herein incorporated by reference.

53. By unlawfully and repeatedly retaliating against and interfering with Plaintiffs in their exercise of their fair housing rights under 42 U.S.C. § 3604, Defendants violated 42 U.S.C. § 3617 by:

   a. Assessing them with attorney fees incurred by Defendants due to Plaintiffs filing a housing discrimination complaint with the WSHRC;

   b. Attempting to foreclose on Plaintiffs' house based on fines that were assessed against Plaintiffs due to Defendants' failure to reasonably accommodate Plaintiffs due to Ms. Xu's disabilities;

   c. Attempting to foreclose on Plaintiffs' house based on attorney fees that were assessed in retaliation for Plaintiffs filing a housing discrimination complaint with the WSHRC;

54. By failing to modify their policies, rules, regulations, and services Defendants repeatedly engaged in discriminatory housing practices in violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604 by:

COMPLAINT; NO.;
Taylor et al.  v. Hiddenbrook Terrace Community HOA – Page 11

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA  98660
Phone:  (360) 608-5346
Facsimile:  (360) 694-4762
E-mail:  moloy@goodlawclinic.com

a. Refusing multiple reasonable accommodation requests to allows Plaintiffs to rent out the Hiddenbrook house so Plaintiffs and their family could continue living in the Camas house because it provided better accessibility for Ms. Xu and her disabilities;

**SECOND CLAIM FOR RELIEF**
**Against All Defendants**
**(Washington Law Against Discriminating)**

55. The foregoing paragraphs are herein incorporated by reference.

56. By unlawfully and repeatedly retaliating against and interfering with Plaintiffs on account of their exercising their rights, defendants violated RCW 49.60.2235 by:

   a. Assessing them with attorney fees incurred by Defendants due to Plaintiffs filing a housing discrimination complaint with the WSHRC;

   b. Attempting to foreclose on Plaintiffs' house based on fines that were assessed against Plaintiffs due to Defendants' failure to reasonably accommodate Plaintiffs due to Ms. Xu's disabilities;

   c. Attempting to foreclose on Plaintiffs' house based on attorney fees that were assessed in retaliation for Plaintiffs filing a housing discrimination complaint with the WSHRC;

57. By refusing to make reasonable accommodations in rules, policies, practices or services when accommodations were necessary to afford Plaintiff with equal opportunity to use and enjoy their dwelling, defendants violated RCW 49.60.222 by:

   a. Refusing multiple reasonable accommodation requests to allow Plaintiffs to rent out the Hiddenbrook house so Plaintiffs and their family could continue

COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 12

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Facsimile: (360) 694-4762
E-mail: moloy@goodlawclinic.com

living in the Camas house because it provided better accessibility for Ms. Xu and her disabilities;

### THIRD CLAIM FOR RELIEF
### Against All Defendants
### (Washington Consumer Protection Act)

58. The foregoing paragraphs are herein incorporated by reference.

59. By unfairly and deceptively charging Plaintiffs for money that Defendants knew was not owed to them, Defendants violated RCW 19.86.020 by:

  a. By assessing Plaintiffs with attorney fees in retaliation for Plaintiffs' filing a housing discrimination compliant with WSHRC, which is an unfair practice under RCW 49.60.030;

  b. By assessing Plaintiffs with fines for renting out the Hiddenbrook house even after Plaintiffs had sold 5% of the Hiddenbrook house to their tenants;

### FOURTH CLAIM FOR RELIEF
### Against All Defendants
### (Negligence)

60. The foregoing paragraphs are herein incorporated by reference.

61. Defendants had a statutory duty to operate their affairs in a manner free from unlawful discrimination.

62. Defendants breached their duties to Plaintiffs by:

  a. Refusing to grant Plaintiffs' reasonable accommodation requests to allow Plaintiffs to rent out the Hiddenbrook house so Plaintiffs and their family could continue living in the Camas house because it provided better accessibility for Ms. Xu and her disabilities;
COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 13

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Facsimile: (360) 694-4762
E-mail: moloy@goodlawclinic.com

      b. By assessing Plaintiffs with attorney fees in retaliation for Plaintiffs' filing a housing discrimination compliant with WSHRC;

63. Defendants' breaches caused Plaintiffs economic and non-economic harm.

### FIFTH CLAIM FOR RELIEF
### Against Defendant TMG and Defendant HOA
### (Negligence - Negligent Supervision)

64. The foregoing paragraphs are herein incorporated by reference.

65. Defendant TMG and Defendant HOA had a duty to hire, train, supervise and discipline their board member, employees, or agents in a fashion that assures compliance with statutory obligations.

66. Defendants breached their duties to Plaintiffs by failing to hire, supervise and train their board members, agents, and employees who were charged with insuring compliance with statutory obligations, when they knew or should have known the statutory violations were occurring because Plaintiffs had notified them of their reasonable accommodation requests, and that they were being assessed attorney fees in retaliation for filing a housing discrimination complaint with WSHRC.

67. Defendants' breach caused Plaintiffs economic and non-economic harm.

### V. PRAYER FOR RELIEF

WHEREFORE, plaintiff now asks the Court for the following relief:

1. To award Plaintiffs compensatory and punitive damages from Defendants in amounts to be determined at trial, plus interest from the date of judgment on their Fair Housing Act claims;

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Facsimile: (360) 694-4762
E-mail: moloy@goodlawclinic.com

COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 14

2. To award Plaintiffs compensatory damages from Defendants in amounts to be determined at trial, plus interest from the date of judgment on their Washington Law Against Discrimination claims;

3. To award Plaintiffs compensatory damages from Defendants in amounts to be determined at trial, plus interest from the date of judgment on their Washington Consumer Protection Act claim;

4. To award Plaintiffs compensatory damages from Defendants, in amounts to be determined at trial, plus interest from the date of judgment on their negligence claims;

5. To award Plaintiffs their costs and attorney fees pursuant to 42 USC § 3613;

6. To award Plaintiffs their costs and attorney fees pursuant to RCW 49.60.030;

7. To award Plaintiffs their costs and attorney fees pursuant to RCW 19.86.090;

8. To award Plaintiffs treble damages pursuant to RCW 19.86.090;

DATED this 20th day of July, 2018.

Respectfully submitted,
THE GOOD LAW CLINIC
/s/ Moloy K. Good
MOLOY K. GOOD WSBA #36036
(360) 608-5346
Attorney for Plaintiff

COMPLAINT; NO.;
Taylor et al. v. Hiddenbrook Terrace Community HOA – Page 15

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 104
Vancouver, WA 98660
Phone: (360) 608-5346
Facsimile: (360) 694-4762
E-mail: moloy@goodlawclinic.com